UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NATIONAL LABOR RELATIONS BOARD,<br><br>Applicant,<br><br>v.<br><br>ARNOLD WALTER NURSING &<br>REHABILITATION CENTER,<br><br>Respondent. | Civil Action No. 21-2954 (MAS) (DEA)<br><br>**MEMORANDUM ORDER** |

This matter comes before the Court on Applicant National Labor Relations Board's ("Applicant") Motion to enforce its subpoena served on Respondent Arnold Walter Nursing & Rehabilitation Center ("Respondent"). (ECF No. 1.) According to Applicant, Respondent has not complied with Applicant's subpoena, which seeks non-privileged documents as part of an investigation into Respondent's unfair labor practices. (Applicant's Br. 7-8, ECF No. 1-3.) Specifically, Applicant's subpoena seeks documents relevant to Respondent's compliance with a May 23, 2019 Third Circuit judgment that ordered Respondent to cease and desist from its unfair labor practices and take certain affirmative actions to correct those practices. (*See* Applicant's Mot. Ex. B, Third Circuit Judgment *7-8, ECF No. 1-1.)[1] The subpoena also seeks documents related to an October 29, 2020 non-party deposition regarding Respondent's compliance with the Third Circuit judgment (the "October Deposition"). (*See* Applicant's Mot. Ex. H, Subpoena *35, ECF No. 1-1.) Respondent has not opposed Applicant's Motion.

---

[1] Record citation pin-cites with an asterisk indicate the page number in the CM/ECF header.

This Court has subject matter jurisdiction to decide this matter. *See* 29 U.S.C. § 161(2) (noting that district court "shall have jurisdiction" for "refusal to obey" NLRB subpoenas); *NLRB v. Interstate Dress Carriers, Inc.*, 610 F.2d 99, 111 (3d Cir. 1979) ("As with other administrative agencies, Congress has given the [NLRB] subpoena power, but, in § 11(2) of the NLRA, has relegated it to resort to the district courts for enforcement."). The Court can also dispose of Applicant's Motion in summary fashion. *See Interstate Dress Carriers, Inc.*, 610 F.2d at 112; *NLRB v. Frazier*, 966 F.2d 812, 817 (3d Cir. 1992) ("The proceeding to enforce an agency subpoena is like a motion to dismiss; once the court grants a motion to dismiss or compels compliance with a subpoena, the court disposes of the entire case before it.").

The Court reviews enforcement of Applicant's subpoena by assessing four factors: "that the investigation will be conducted pursuant to a legitimate purpose, that the inquiry is relevant, that the information demanded is not already within the agency's possession, and that the administrative steps required by the statute have been followed." *FDIC v. Wentz*, 55 F.3d 905, 908 (3d Cir. 1995).

*First*, Applicant's subpoena is for the legitimate purpose of investigating whether Respondent complied with a Third Circuit judgment—which in turn is part of a broader investigation assessing whether Respondent engaged in unfair labor practices. *See NLRB v. Jo-Dan Madalisse Ltd.*, No. 15-228, 2015 WL 9302922, at *3 (E.D. Pa. Dec. 22, 2015) ("[T]he NLRB is seeking information as part of its investigation of unfair labor practice charges, a legitimate area of inquiry for the agency.").

*Second*, Applicant's subpoena is relevant, seeking "correspondence among Arnold Walter agents regarding compliance with the Third Circuit's judgment," documents referenced at the follow-up October Deposition, and documents reviewed in preparation for the October Deposition.

(Subpoena *35; *United States v. O'Neill*, 619 F.2d 222, 228 (3d Cir. 1980) ("Courts traditionally give wide latitude in determining relevance in the context of an administrative subpoena." (citations omitted)).)

*Third*, the information sought in Applicant's subpoena is not within its possession as the subpoena seeks documents exclusively from Respondent's agents. (*See* Subpoena *35.)

*Finally*, Applicant has complied with statutory procedure by serving Respondent by certified mail. (*See* Applicant's Mot. Ex. L, USPS Tracking *48, ECF No. 1-1; 29 U.S.C. § 161(4) (mandating service by, among other methods, certified mail).)

**IT IS THEREFORE**, on this 8th day of September 2021, **ORDERED** as follows:

1. Applicant's Motion to Enforce (ECF No. 1) is **GRANTED**.
2. The Clerk of the Court shall close this matter.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

3